UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DAMMION WALKER,

    Plaintiff,

v.                                          Case No. 1:22cv139-AW-HTC

ERIC HOPSON,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, Dammion Walker, a prisoner proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint purporting to assert claims under 42 U.S.C. § 1983. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Because Plaintiff has failed to respond to this Court's order requiring him to file an amended complaint and has not provided his current address to the Court, the undersigned respectfully recommends this case be DISMISSED WITHOUT PREJUDICE for failure to prosecute, failure to comply with an order of the Court, and failure to keep the Court apprised of his address.

On July 19, 2022, the Court entered an Order directing Plaintiff to file an amended complaint by August 18, 2022. ECF Doc. 6. When no amended complaint

was filed by August 24, 2022, the Court ordered Plaintiff to show cause by September 7, 2022, why this case should not be dismissed. ECF Doc. 8. On September 8, 2022, Plaintiff filed a motion for extension of time to comply with the Court's July 19 Order. ECF Doc. 9. The Court granted said motion, giving plaintiff until September 30, 2022, to file an amended complaint. ECF Doc. 10. However, Plaintiff still failed to comply and, instead, sought another one-week extension, ECF Doc. 11, which the Court granted on October 6, 2022, ECF Doc. 12. Pursuant to this latest extension, Plaintiff had until October 13, 2022, to file an amended complaint but has failed to do so to this date.

However, on October 17, 2022, the Court's October 6 Order was returned as undeliverable. ECF Doc. 13. The envelope included a stamp indicating Plaintiff was no longer in custody at least as of October 6, 2022, the date the letter was mailed. *Id*. Plaintiff has not informed the Court of his release nor has he filed a notice of change of address, as he was instructed to do by the clerk on June 23, 2022. ECF Doc. 3 (Notice to Pro Se Litigant). The clerk has been unable to locate a forwarding address for Plaintiff. ECF Doc. 13.

A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)). Here, Plaintiff was advised in the *Pro Se*

Notice that he is "required" to notify the clerk of changes to his address. ECF Doc. 3. His failure to do so is sufficient grounds for dismissal, particularly when the Court has no forwarding address for him and, thus, no way to communicate with him. *See Gilbert v. Daniels*, 725 F. App'x 789, 792 (11th Cir. 2018) (affirming lower court's dismissal "[b]ecause [plaintiff] failed to update the court of his address change or his detention, and that failure led to [his] lack of compliance with the order to amend his complaint."); *McDowell v. Ham*, No. 5:09CV31/MCR/MD, 2010 WL 1417723, at *2 (N.D. Fla. Mar. 3, 2010), *report and recommendation adopted*, 2010 WL 1417720 (N.D. Fla. Apr. 7, 2010) (dismissing case because, through the Notice to Pro Se Litigant, "Plaintiff has been on notice of his duty to advise the court of any change in his mailing address . . . since the commencement of his case").

Additionally, this Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion." *See, e.g.*, *Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980). As Plaintiff has failed to comply with the Court's July 19 Order directing him to file

Case No. 1:22cv139-AW-HTC

an amended complaint, the Court is well within its authority to dismiss this case, especially since Plaintiff had been cautioned of this outcome. ECF Doc. 6 at 8.

Finally, dismissal of this case is also appropriate for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. A district court may dismiss a claim where a plaintiff has failed to prosecute it or otherwise comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute."); *see also Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011) (affirming dismissal under Rule 41(b) after plaintiff failed to comply with a court's order). Despite receiving clear orders and being given several extensions, Plaintiff has yet to provide an amended complaint in this case. His failure to prosecute, thus, interferes with the Court's ability to manage its docket and ensure prompt disposition of the lawsuits before it, which is proper grounds for dismissal in and of itself.

Accordingly, it is respectfully RECOMMENDED:

1. This case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute, failure to comply with a Court order, and failure to keep the Court apprised of his address.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 20th day of October, 2022.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 1:22cv139-AW-HTC